IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2166-BO

| | | |
|---|---|---|
| MARIO DUANE LYONS, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| TRACY W. JOHNS, | ) | |
| Respondent. | ) | |

Mario Duane Lyons, a federal inmate, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges the Bureau of Prisons ("BOP") has violated his constitutional rights by: (1) expelling him from the Residential Drug Treatment Program ("RDAP") without justification; (2) violating his due process rights and BOP policy during the expulsion process; and (3) retaliating against him by placing him in the Special Housing Unit ("SHU") after he began the administrative remedy process. [Pet.] Lyons seeks reinstatement to the RDAP, reinstatement of his early release eligibility pursuant to 18 U.S.C. § 3621(e), and immediate release from the SHU into the general population. [Pet.] Respondent is before the court with a motion to dismiss the action for failure to exhaust. [D.E. 5] Lyons was given proper notice of the motion [D.E. 8], but did not respond. The matter is properly before the court.

Petitioner was sentenced May 15, 2002 [Pet., p.1], to 156 months imprisonment and his release date appears to be calculated as October 26, 2012. D.E. 6, Mot. to Dismiss, D.E. 7, Decl. of Fisher, ¶ 8. The record shows petitioner has not exhausted his administrative remedies within the BOP. Id., D.E. 8, Decl. Cox, ¶ 5-10. Given that Lyons did not respond to the motion to dismiss, the assertion has not been contradicted in any manner.

A federal prisoner challenging the execution of his sentence must exhaust administrative remedies before seeking review in federal court pursuant to section 2241. See McKart v. United States, 395 U.S. 185, 194-95 (1969); McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam) (unpublished); accord Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (per curiam) (collecting cases); Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001). "Failure to exhaust may only be excused upon a showing of cause and prejudice." McClung, 90 F. App'x at 445. Petitioner makes no showing of cause or prejudice.

Accordingly, petitioner's section 2241 action is DISMISSED WITHOUT PREJUDICE to allow him the opportunity to exhaust his administrative remedies. Thus, the motion to dismiss [D.E. 5] is ALLOWED and the case is CLOSED. The clerk is directed to send this order to both the address on record and the Federal Correctional Institution (FCI) in Ray Brook. See, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=18943-056&x=53&y=7 (last visited June 26, 2012).

SO ORDERED, this 26 day of June 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE